460 So.2d 378 (1984)
Lee Edward GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-18.
District Court of Appeal of Florida, Second District.
September 19, 1984.
Rehearing Denied December 11, 1984.
Jerry Hill, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Lee Edward Green appeals his sentences, which are outside the presumptive sentence recommended by the new sentencing guidelines. We have jurisdiction pursuant to section 924.06(1)(e), Florida Statutes (1983).
On March 30, 1983, the state filed an information charging Green with kidnapping, aggravated battery, and armed robbery. On April 8 defendant was notified that he would be treated as a subsequent felony offender under section 775.084, Florida Statutes (1983). After pleading not guilty to all the offenses, defendant subsequently entered pleas of no contest to the three charges on October 11, the day of the trial, and affirmatively elected to be sentenced under the new sentencing guidelines. In this regard his attorney stated:
Yes, Your Honor. We are here for a trial this morning and pursuant to plea negotiations, which the State and the Court were present, we have elected to withdraw a previously entered plea of not guilty to the original Information and enter a plea of no contest at this time.
... .
... We received the Sentencing Guidelines and under the Guidelines as they applied to the original Information, this would be a category three sentencing procedure. And if the Court is going to impose it I understand it is included to [the] habitual offender aspect of these new Guidelines and Mr. Green's sentence would fall between the nine to twelve years range. And we would be  elected to be sentenced under that.
He is aware that had he not elected to be sentenced under the Guidelines he would be exposed to the old sentencing procedures and by my calculations, and I think probably as well, he would be exposed to life plus sixty years, and the Court would have the option at a subsequent time to retain jurisdiction over that *379 time period or perhaps one half of that sentence.
So, as far as these areas that I have mentioned being considered, we have elected to be sentenced under the new Guidelines.
The court then adjudged defendant guilty and sentenced him to three concurrent twelve-year terms of imprisonment.
Green now argues on appeal that he was not sentenced in conformity with the guidelines, because the scoresheet submitted by his attorney reflected a recommended range of only seven to nine years imprisonment. We reject this argument.
Defendant elected to be sentenced under the guidelines pursuant to a negotiated plea. Realizing that he could have been imprisoned for life, he elected instead to plead no contest and receive a sentence of no more than twelve years. In light of these circumstances, the trial judge was justified in honoring the plea bargain and thereby deviating from the guidelines. Defendant is therefore in no position to argue now that his sentence exceeded the recommended guidelines range.
We hold that the negotiated plea in this case was a clear and sufficient reason for departure from the guidelines. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984); Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984). Accordingly, we affirm defendant's sentences.
GRIMES, A.C.J., and OTT, J., concur.