465 So.2d 1359 (1985)
John Mathias SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1004.
District Court of Appeal of Florida, Fifth District.
March 21, 1985.
*1360 James B. Gibson, Public Defender, Larry B. Henderson, Asst. Public Defender, and Kenneth Witts, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The appellant, John Mathias Scott, was charged by information with the offenses of aggravated battery and leaving the scene of an accident with injuries. Pursuant to plea negotiations, Scott entered a plea of nolo contendere to aggravated battery, and the state dismissed the second charge. On June 20, 1983, Scott was sentenced to ten years' incarceration.
Subsequently, in March, 1984, Scott moved for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, contending that he had been told by the state that there would be a cap of five years on his sentence for aggravated battery. A hearing on this motion was held on June 18, 1984, before the trial judge, who determined that there were legitimate grounds for misunderstanding concerning the plea agreement. The judge declared he would set aside the existing conviction and sentence and then, at the state's option, either impose the straight five-year sentence that Scott originally had understood to be the cap, or else try Scott on both charges. At this point in the hearing, Scott urged the state to elect the five years so that "I could go back, finish my time and go back to my family." The state apparently opted for the five-year sentence rather than trial, as later in the day on June 18 a written order vacating Scott's original judgment and sentence was entered, and resentencing was scheduled for the next day, June 19.
At the commencement of the hearing on June 19, the defendant filed a written election to be sentenced under the sentencing guidelines.[1] In doing so, Scott was repudiating the terms of his original plea bargain. Under the plea bargain, his sentence was to be five years' imprisonment under the preguidelines sentencing system, wherein a defendant was entitled to parole. Under the guidelines, his scored sentence was twelve to thirty months' imprisonment with no possibility for parole.
Confronted with the defendant's election, the trial court decided to depart from the guidelines based upon the prior plea agreement, and the judge sentenced Scott to five years with credit for time served. Scott objected to the new sentence for the reason, inter alia, that under the guidelines he was receiving a sentence of five years without parole, whereas under the "old system" his agreed upon sentence was five years with the possibility of parole. The trial court reminded him that he had voluntarily filed the election. Scott then inquired if being sentenced under the "new system" would change anything. Apparently the court realized the new system could affect Scott's sentence and told him, "I'd be willing for you to be under the old system if there was any way I could do that. But ... that is not a matter which I have control over."
At that point in time, Scott still did not withdraw his ill-advised election so he could receive the agreed upon sentence, five years with the possibility of parole. He made no objection to his adjudication of guilt, and has not appealed that judgment. Instead, he appeals his sentence, contending that the trial court erred by departing from the guidelines. He seeks a determination on appeal that he is entitled to the recommended guidelines sentence of twelve-to-thirty months' incarceration or community control.
*1361 The fallacy in the appellant's position is that he cannot be "entitled" to any sentence that the state did not agree to in the negotiations. In return for dismissing the second count against Scott, the state agreed to a five-year sentence by the trial court, nothing less. The state could only receive that consideration through a departure sentence once Scott elected the guidelines.[2] Had Scott objected to his conviction, or appealed it, perhaps he would have been entitled to go to trial on the original charges. He has done neither. He is not entitled to negotiate a plea, accept the benefit of it, and then ask the trial court, or this court, to grant him a better deal than the one agreed to by the state. If, in actuality, he has received a longer period of incarceration than he anticipated,[3] that is attributable solely to his voluntary election to be sentenced under the guidelines. The petard is his own.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The guidelines were effective on October 1, 1983.
[2] See Key v. State, 452 So.2d 1147 (Fla. 5th DCA), review denied, 459 So.2d 1041 (Fla. 1984).
[3] The trial judge's departure sentence may not be subject to the remaining jurisdiction of the Florida Parole Commission. See Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); § 921.001(8), Fla. Stat. (1983). Resolution of that issue is unnecessary for our conclusion herein.