476 So.2d 313 (1985)
Isaac STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. BC-452.
District Court of Appeal of Florida, First District.
October 10, 1985.
Michael E. Allen, Public Defender; and Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen.; and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals a judgment and sentence filed after entry of an order revoking his probation, finding him guilty of aggravated battery and sentencing him to two years in prison. We affirm.
The only issue raised by appellant which merits discussion is whether the trial court erred in sentencing him pursuant to the sentencing guidelines without the benefit of a scoresheet as required by Florida Rule of Criminal Procedure 3.701(d)(1). The record shows that at the sentencing hearing, the prosecutor and the defense attorney agreed that the recommended sentencing range for appellant under the guidelines, with one cell enhancement under rule 3.701(d)(14), would be twelve to thirty months. The only disagreement concerned whether appellant's sentence could be enhanced one cell pursuant to rule 3.701(d)(14). Although the judge did so enhance appellant's sentence, that issue has not been raised on appeal.
The requirement of rule 3.701(d)(1) that the sentencing judge approve a scoresheet is mandatory. See Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984). Although not the preferable procedure to follow, the failure of the trial judge to comply with that rule and the consequent absence of a guidelines scoresheet in the record does not constitute reversible error in the instant case since the trial judge was correctly apprised by both counsel for the State and counsel for the defense as to appellant's undisputed guidelines score, and since the trial judge did not depart from the guidelines recommendation. Compare Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985).
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.