COWART, Judge.
Relying on advice of his defense counsel as to the proper sentencing guideline scoring of his prior criminal record, the defendant entered into a plea agreement. After being sentenced in accordance with the plea agreement, defendant appeals claiming that under a proper calculation, his recommended guideline sentence is less than that to which he agreed. Rather than appealing, the defendant should have moved the trial court to withdraw his plea[1] or move to vacate under Florida Rule of Criminal Procedure 3.850. See § 924.06(3), Fla.Stat.; Fla.R.Crim.P. 3.172(c)(iv); Fla.R.App.P. 9.140(b)(1); Stinson v. State, 448 So.2d 1240 (Fla. 5th DCA 1984). See also McGinty v. State, 463 So.2d 495 (Fla. 2d DCA 1985); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
This appeal is dismissed without prejudice to defendant’s right to seek an appropriate remedy.
DISMISSED.
COBB, C.J., and ORFINGER, J., concur.

. Of course, if the defendant is permitted to withdraw his plea the State will be released from its agreement to nolle prosequi other charges and to recommend the sentence imposed.