489 So.2d 115 (1986)
Michael R. WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. BG-133.
District Court of Appeal of Florida, First District.
May 15, 1986.
*116 Michael E. Allen, Public Defender, Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
White appeals, contending his sentence was rendered in excess of the sentencing guidelines, and the trial court failed to give its written reasons for departure. We reverse and remand for the reasons set forth below.
Appellant pled guilty to burglary of a structure and grand theft. This plea was negotiated as part of a plea agreement which provided that defendant would receive no more than five years incarceration, and that another case against him would be nolle prossed. At the plea hearing, the following discussion of the plea agreement took place:
Mr. Hellmuth (Assistant Public Defender): I think it needs to be said that if the guidelines come back in this case to less than five years, and the court gives him more than the guidelines but under the cap of  within the cap of five years, that Mr. White does not give up his right to appeal the court's going outside the guidelines.
The Court: I understand that. That's part of it too, wasn't it, Mr. Thies?
Mr. Thies (Assistant State Attorney): Yes, Your Honor.
Again, when explaining the consequences of his plea to appellant, the trial judge stated:
The Court: But you have heard the negotiations that have been recited in the record about the cap of five years. I can't give you any more than that. And if the guidelines come back where you get less than five, you have a right to appeal if I give you any more than the guidelines. Do you understand that?
The Defendant: Yes.
A guidelines scoresheet was prepared for the burglary of a structure offense which resulted in a recommended guidelines sentence of community control or 12-30 months incarceration. A scoresheet for the grand theft offense was also prepared which resulted in a recommended guidelines sentence of community control or 12-30 months incarceration. At the sentencing hearing, the trial court sentenced appellant to 30 months for the burglary charge and 30 months for the grand theft charge, the sentences to run consecutively. Appellant's counsel did not object to the trial court's use of two scoresheets nor did he object that the sentence was greater than the recommended guidelines range. Apparently unaware that he had misapplied the guidelines, the trial judge did not enter a written order setting forth in writing his reasons for departure.
Pursuant to Rule 3.701(d)(3), Florida Rules of Criminal Procedure, separate guidelines scoresheets are to be prepared scoring each offense; but the trial judge should use only one scoresheet, the one recommending the most severe sentence range. In this case, scoring either count as the primary offense yielded a 12-30 month recommended range, so appellant's recommended guidelines sentence was 12-30 months. Although the trial court was required to impose a separate sentence for each of appellant's offenses the total sentence imposed should not have exceeded the recommended guidelines sentence of 12-30 months unless a written reason was given. Rule 3.701(d)(12), Fla.R.Crim.P. Since the trial court sentenced appellant to five years total he was required to enter a *117 written statement delineating the reasons for departure. Rule 3.701(d)(11), Fla.R. Crim.P.
The state admits sentencing guidelines errors were committed, but contends that since appellant did not contemporaneously object at the sentencing hearing he has waived them.
In Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984), the court held that a defendant who enters a guilty plea and is sentenced in accordance with a plea agreement may appeal the sentence imposed, on the grounds it constitutes a departure from the guidelines, pursuant to section 921.001(5), Florida Statutes (1983). At the same time, the court recognized that a negotiated plea which includes an agreement that the defendant may be sentenced to imprisonment for a period of time in excess of the sentencing guidelines is a clear and convincing reason for departure from those guidelines. Accordingly, although the court took jurisdiction of the defendant's appeal, it affirmed on the grounds there was no error in departing in that case. See also Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985) (trial court could depart based upon "a plea conference-agreed upon cap of three years"); Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984) (defendant elected to plead no contest in order to receive a sentence of no more than 12 years; therefore trial judge justified in honoring plea bargain and deviating from guidelines in sentencing defendant to concurrent 12 year terms of imprisonment rather than sentencing defendant within recommended guidelines range of 7-9 years); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984) (plea bargain did not specify permissible sentence and therefore trial court's departure from sentencing guidelines was improperly predicated upon assumption that defendant agreed to any sentence within the statutory maximum); and Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984) (the defendant agreed to a cap of 5 years and trial court deviated from guidelines, sentencing him to 5 years; appellate court affirmed, holding that defendant was bound by his plea bargain, which was not void merely because of defendant's selection of sentencing under the guidelines, which became available after the date of the plea, but before sentence).
Although the appellate courts in Florida are in apparent agreement that a negotiated plea constitutes a clear and sufficient reason for departure, none of the cited cases involve the exact problem involved in this case, which is the trial court's failure to reduce to writing the reason for departure. It is now clear that the trial court is required to state in writing its reasons for departing from the recommended sentencing guidelines. State v. Jackson, 478 So.2d 1054 (Fla. 1985); and State v. Boynton, 478 So.2d 351 (Fla. 1985). Further, a defendant may appeal a sentence outside the recommended range whether or not he makes a contemporaneous objection. State v. Whitfield, 487 So.2d 1045, (Fla. 1986); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984). Initially, this case seemed a simple one necessitating reversal and remand to the trial judge in order that he might enter a written order explaining his reasons for departure. However, upon further study, we have determined that additional issues need to be addressed in order to properly decide this case.
After Key, the Fifth District Court of Appeal revisited this subject in Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985), holding that a defendant is bound by his plea agreement and is not entitled to the recommended sentence under the sentencing guidelines. In so deciding, the court remarked that a defendant is not entitled to negotiate a plea, accept the benefit of that plea, and then ask the appellate court to grant him a better deal than the one agreed to by the state. Scott, 465 So.2d at 1361.
Similarly, we find it somewhat unacceptable that appellant has received the benefit of his plea agreement with the state, yet he has appealed a sentence which was within the agreed sentencing range, arguing essentially that he should be sentenced in accordance with the guidelines or the trial court should state in writing the *118 reasons why not. We stop short of further disapproving this conduct since apparently the state agreed that appellant was entitled, under his plea agreement, to appeal a sentence outside the guidelines. Because of the rather ambiguous nature of the plea agreement here, however, we have also considered whether the state simply agreed that appellant could appeal a sentence outside the guidelines (which appellant could already do under Key and its progeny), or whether it was the intent of the parties to this agreement that appellant should be sentenced in accordance with the guidelines and that this sentence could be up to a maximum of five years.
Recently, the Fifth District Court of Appeal decided Waldon v. State, 483 So.2d 101 (Fla. 5th DCA 1986). In that case, the defendant entered into a plea agreement with the state relying on the advice of his counsel as to the proper sentence under the guidelines. The defendant was sentenced according to the plea agreement and sometime later apparently discovered that his guidelines sentence had been improperly scored. He appealed, claiming that his recommended guidelines sentence was less than that to which he had agreed. The court held that rather than appealing, the defendant should have moved to withdraw his plea or moved to vacate under Florida Rule of Criminal Procedure 3.850, apparently on the theory that the negotiations were made on the basis of a material mistake of law, and therefore the plea was invalid and the sentence illegal. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). This certainly permits a fairer result to the state, since if the defendant withdraws his plea, arguing that he only agreed to be sentenced in accordance to the guidelines, the state would be released from its agreement to nolle prosequi other charges and to recommend the sentence imposed.
After thoroughly examining the record of the plea hearing, we conclude that Appellant's plea was not made with the understanding that his sentence would be imposed within the guidelines, but instead, the parties simply agreed that Appellant could appeal a sentence that was not within the guidelines. Accordingly, we reverse and remand to the trial judge so that he might reconsider Appellant's sentence; and if he adheres to his decision to depart from the guidelines, to set forth in writing his reasons for departure. We encourage both state attorneys and attorneys for defendants negotiating plea agreements to know the sentencing guidelines consequences of the plea, and to make certain that the record correctly and accurately reflects the terms of the plea agreement, and the defendant's clear understanding and acceptance of the same.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, C.J., and WENTWORTH, J., concur.