SCHOONOVER, Acting Chief Judge.
Appellant, John Riggins, appeals from a judgment and sentence imposed upon him for violating the terms and conditions of his probation. We agree that the trial court erred in sentencing appellant and, accordingly, remand for resentencing.
On December 18, 1981, appellant was placed on probation for a period of five years for the offense of dealing in stolen property, a violation of section 812.019(1), Florida Statutes (1981). In August of 1984, appellant was charged with violating the terms and conditions of his probation, and on November 21, 1984, he was found ■ guilty of violating probation. On the same day, appellant was adjudicated guilty and was sentenced outside of the sentencing guidelines to serve fifteen years in state prison. An order setting forth the court’s reasons for departing from the guidelines was filed shortly thereafter. This appeal timely followed.
Since the underlying offense in this case occurred prior to October 1, 1983, the sentencing guidelines could only be applied to appellant’s sentence if he affirmatively selected to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). An election to be sentenced under the guidelines must be clear and unequivocal. Bigbee v. State, 476 So.2d 320 (Fla. 2d DCA 1985); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). As the record fails to demonstrate that appellant made the requisite election, we must reverse and remand for resentencing. At resentencing, appellant may either affirmatively elect to be sentenced under the guidelines, or be resentenced according to the law in effect prior to the adoption of the guidelines.
In view of our disposition, it is not necessary to consider the validity of the trial court’s reasons for departing from the guidelines.
Reversed and remanded for resentenc-ing.
HALL and SANDERLIN, JJ., concur.