497 So.2d 288 (1986)
James R. LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. BL-474.
District Court of Appeal of Florida, First District.
October 15, 1986.
Rehearing Denied November 25, 1986.
James R. Lawson, pro se.
*289 Jim Smith, Atty. Gen. and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, James R. Lawson, was originally charged with one count of sexual battery and two counts of lewd assault on a child. On February 17, 1986, he appeared with counsel and entered a negotiated plea of guilty to the lesser charge of attempted capital sexual battery and agreed to a 20-year sentence in exchange for a dismissal of the other two charges. At two different points during the sentencing hearing, defense counsel objected to the fact that no sentencing guidelines scoresheet had been prepared. When defense counsel stated "I just think the court should be allowed to see what the guidelines scoresheet would say," the trial judge replied "I happen to know." There is no discussion on the record, however, of what the recommended guideline sentence was. Several days after the court imposed the 20-year sentence, a scoresheet recommending a sentence of 12 to 17 years was filed with the trial court.
After a timely filed notice of appeal, appellant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although the issue of the absence of a scoresheet was raised in that brief, appellate counsel cited Stokes v. State, 476 So.2d 313 (Fla. 1st DCA 1985) for the proposition that a scoresheet should not be required where all parties have agreed to a negotiated sentence. Appellant then filed a pro se brief in which he argued that the Stokes case was distinguishable in that (1) it did not involve a negotiated plea; (2) the sentence imposed did not constitute a departure from the guidelines; and (3) the record clearly reflects that the trial court had been apprised of appellant's undisputed guideline score by both counsel for the State and for the defense.
We agree with the appellant that the Stokes case is distinguishable from the instant case. We nonetheless affirm for two reasons. First, it is clear that a negotiated plea which includes an agreement to a sentence in excess of the sentencing guidelines constitutes a clear and convincing reason for departure from the guidelines. White v. State, 489 So.2d 115 (Fla. 1st DCA 1986); Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985). Second, we agree with the assertion made by the Assistant Public Defender in his Anders brief that a scoresheet seems unnecessary in a situation where all the parties have agreed upon a negotiated sentence.
However, we certify the following question to the Supreme Court, as one of great public importance:
DOES FLA.R.CRIM.P. 3.701(d)(1) REQUIRE THE PREPARATION OF A SENTENCING GUIDELINES SCORESHEET IN SITUATIONS WHERE ALL PARTIES HAVE AGREED UPON A NEGOTIATED SENTENCE?
Accordingly, appellant's judgment and sentence are AFFIRMED.
SMITH and ZEHMER, JJ., concur.