499 So.2d 42 (1986)
George Nedham GRIMES, Appellant,
v.
STATE of Florida, Appellee.
No. BI-412.
District Court of Appeal of Florida, First District.
December 19, 1986.
Clyde M. Collins, Jr., of Cotney & Collins, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Grimes appeals from the imposition of costs pursuant to Section 27.3455, Florida Statutes (1985). As a result of a plea bargain with the State, appellant pled guilty to a lewd and lascivious act upon a child. The trial court assessed court costs of $200 plus *43 $52.50, and precluded an award of gain time until the costs were paid in full. Appellant's ore tenus motion requesting that the court declare appellant indigent for purposes of receiving community service in lieu of court costs to acquire gain time was denied.
Appellant contends that: (1) court costs pursuant to Section 27.3455 Florida Statutes were intended to be imposed only on non-indigent persons; (2) the trial court erred in assessing appellant court costs without notice and a full opportunity to object, and without a hearing to determine if he was indigent; and (3) that the statute is unconstitutional as embracing more than one subject, as well as having a defective title. We agree with grounds one and two and disagree with his third argument. Indigency is to be determined at the time of sentencing and those persons found to be indigent must be ordered to serve a term of community service in lieu of additional costs. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); Day v. State, 496 So.2d 986 (Fla. 1st DCA 1986).
Further we find that the assessment of costs against an indigent person is permissible only after a defendant is given adequate notice, and an opportunity to object. Also, the collection of the costs can be enforced only after a finding that the defendant has the ability to pay. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Hughes v. State, 497 So.2d 938 (Fla. 1st DCA 1986). However we reject appellant's argument that Section 27.3455 is unconstitutional in that the title is defective or that it embraces more than one subject matter. Hughes. Based on the above we find that the trial court erred in imposing court costs on appellant.
Finally appellant argues that the trial court erred in sentencing him in excess of the guidelines without a scoresheet and written reasons for departure. We disagree. It is obvious from the record that appellant agreed in plea negotiations with the state that he would plead to a second degree felony of lewd and lascivious assault upon a child instead of being convicted of sexual battery upon a child, a capital felony. He entered this plea of guilty in exchange for a sentence of nine years in prison which exceeds the guidelines recommendation for his actual lewd assault offense conviction. Recently, when faced with similar factual circumstances, this court held that a negotiated plea which includes a sentence in excess of the guidelines constitutes a clear and convincing reason for departure. Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986); White v. State, 489 So.2d 115 (Fla. 1st DCA 1986); Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985). Further, a scoresheet seems unnecessary in the situation where all parties have agreed on a negotiated sentence. Lawson. (But this issue has been certified to the Florida Supreme Court). Lawson.
Accordingly we reverse only the imposition of the court costs pursuant to Section 27.3455 Florida Statutes, and remand to the trial court for further proceedings to include a determination of indigency.
THOMPSON and NIMMONS, JJ., concur.