502 So.2d 977 (1987)
Donald Evans HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. BL-439.
District Court of Appeal of Florida, First District.
February 11, 1987.
*978 Donald Evans Houston, pro se.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, Donald Evans Houston, appeals the sentence imposed upon his conviction for introducing cannabis into the River Junction Correctional Institute. Appellant entered a negotiated plea of no contest to the charge in exchange for a four-year sentence to run consecutively with his existing sentence. Appellant now claims he was unaware of the sentencing guidelines when he agreed to this plea. No sentencing guidelines scoresheet was prepared, and the court noted at the sentencing hearing that a scoresheet was not necessary since this was a negotiated sentence.
The public defender filed an Anders[1] brief on behalf of appellant in which he pointed out that rule 3.701(d), Florida Rules of Criminal Procedure, requires a sentencing guidelines scoresheet in every case, but cites Stokes v. State, 476 So.2d 313 (Fla. 1st DCA 1985), for the proposition that it would be inappropriate to require one where all parties agree on the length of the negotiated sentence.
Appellant has filed a pro se brief, essentially contending that the requirement for a scoresheet is mandatory and that failure to provide one at the sentencing hearing was not harmless error because the sentencing judge must be correctly apprised of defendant's score and the presumptive sentence to know whether the sentence imposed departs from the sentencing guidelines and requires written reasons for such departure. Appellant relies on Stokes and Key v. State, 452 So.2d 1147 (Fla. 5th DCA), pet. for rev. denied, 459 So.2d 1041 (Fla. 1984), explaining that, although an agreement to be sentenced in excess of the guidelines recommendation may be a clear and convincing reason for departure, he made no such agreement in this case.
The state counters that defendant is bound by his plea agreement and is not *979 entitled to the recommended sentence under the guidelines because he agreed to the particular sentence imposed. The state argues that a sentencing guidelines scoresheet is not necessary in a case such as this where the length of the negotiated sentence was fixed, and that if appellant is arguing that he was not aware that the sentence he agreed to was in excess of the guidelines recommended sentence, the appropriate method for raising this issue is by a motion to withdraw plea pursuant to rule 3.850. The state further points out that if the plea is withdrawn the state would be released from any obligation to seek only four years' imprisonment and would be free to urge the court to depart from the guidelines up to the statutory maximum of fifteen years.
Our attention has also been directed to White v. State, 489 So.2d 115 (Fla. 1st DCA 1986), Waldon v. State, 483 So.2d 101 (Fla. 5th DCA 1986), and Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985). We find, however, that none of the cited cases nor any other decisions discovered through research have dealt precisely with the simple question before us, viz., whether the requirement of rule 3.701(d) that a sentencing guidelines scoresheet be prepared in every case must be complied with where the defendant negotiates a plea agreement stipulating a fixed length of sentence, which is thereafter imposed by the court pursuant to the agreement. All cases coming to our attention have involved negotiated pleas that included a cap on the sentence or an agreement to be sentenced in accordance with the guidelines, without specifying a particular length of sentence.
In this case, the record on appeal reflects that it was represented to the court that defendant agreed to a sentence of four years, and the court accepted that agreement and imposed that sentence. From a practical standpoint, therefore, we see no purpose whatsoever to be served by preparation of a sentencing guidelines scoresheet (except, perhaps, for statistical reporting purposes) and hold that no reversible error occurred when the trial judge imposed sentence in this case without having such scoresheet available to him. Accordingly, the sentence is affirmed.
We note that no motion to withdraw the plea was made in the court below; hence, we do not reach any issues concerning appellant's contention that he was never made aware of his right to sentencing in accordance with the guidelines and that the sentence imposed may have exceeded the guidelines presumptive sentence. This affirmance, therefore, is without prejudice to whatever rights appellant may have to seek post-conviction relief under criminal rule 3.850. See Waldon v. State, 483 So.2d 101.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).