PER CURIAM.
Appellant, Michael R. Davidson, appeals six trial court judgments and sentences. We find that one of the six was erroneously entered and, therefore, reverse it. We affirm, however, the remaining five judgments and sentences.
On September 14, 1982, the state charged appellant with burglary in case number 82-06855. After appellant pled guilty to the charge, the trial court withheld adjudication and placed him on probation for five years.
On August 17, 1983, the state filed an affidavit alleging that appellant violated several conditions of his probation. Two months later, the appellant was charged with burglary in case numbers 83-08138, 83-08139, 83-08140, and 83-08141. These *44 burglaries were alleged to have been committed on June 10, 1983.
Appellant pled guilty to violating the probation imposed in case number 82-06855 and to the burglary charges in case numbers 83-08138 through 83-08141. On December 5, 1983, in case number 82-06855, the trial court revoked appellant’s probation, adjudicated him guilty of burglary, and sentenced him to two years imprisonment with credit for 127 days already served. At the same time, in case numbers 83-08138 through 83-08141, the trial court adjudicated appellant guilty of burglary and placed him on ten years concurrent probation to be served consecutively to the two-year sentence imposed in case number 82-06855.
On November 20, 1985, appellant was charged with grand theft in case number 85-12639. Four months later, the state filed affidavits alleging appellant violated his probations. One affidavit alleged that appellant violated his probation in case number 82-06855.
The record indicates that, pursuant to plea negotiations, appellant pled guilty to violating his probations and to committing grand theft. Following the terms of these negotiations, the trial court, without reviewing a guidelines scoresheet, revoked appellant’s probations and imposed concurrent terms of five and one-half years imprisonment in case numbers 82-06855 and 83-08138 through 83-08141. The trial court also adjudicated appellant guilty of grand theft in case number 85-12639 and sentenced him to five years imprisonment to be served concurrently with appellant’s other sentences. This timely appeal followed.
Appellant contends that the trial court erroneously revoked his probation in case number 82-06855. We agree.
Appellant’s probation in case number 82-06855 had already been revoked on December 5, 1983, and appellant was sentenced to a term of imprisonment as a result. The trial court could not revoke appellant’s probation in that case because appellant’s probation was terminated by the prior revocation. Cf Williams v. State, 406 So.2d 86 (Fla. 1st DCA 1981) (probation cannot be revoked based on criminal acts committed by defendant after his probationary period expired).
Appellant, although agreeing that the sentences imposed did not depart from the presumptive guidelines range, further contends that the trial court erred by failing to review a guidelines scoresheet before sentencing him. We disagree.
Generally, a trial court is required to review a guidelines scoresheet before imposing sentence. Fla.R.Crim.P. 3.701(d)(1). Here, however, since appellant’s sentence for grand theft in case number 85-12639 and his sentences for the burglaries in case numbers 83-08138 through 83-08141 were imposed according to the terms of a negotiated plea, review of a scoresheet was unnecessary. Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986), cause dismissed, 501 So.2d 1282 (Fla.1987); see also, Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986), review granted, No. 69-606 (Fla. March 20, 1987). Furthermore, even without the negotiated plea, the sentencing guidelines would not apply to the offenses involved in case numbers 83-08138 through 83-08141. The underlying offenses in those cases were committed prior to October 1, 1983, and appellant failed to affirmatively elect to be sentenced under the guidelines. See In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983); Riggins v. State, 495 So.2d 227 (Fla. 2d DCA 1986).
We, accordingly, reverse the judgment and sentence in case number 82-06855 and strike all references to that case in the trial court’s other orders. In all other respects, we affirm the judgments and sentences in case numbers 85-12639 and 83-08138 through 83-08141.
Affirmed in part, reversed in part.
DANAHY, C.J., and SCHOONOVER and HALL, JJ., concur.