506 So.2d 50 (1987)
David J. QUARTERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1641.
District Court of Appeal of Florida, Second District.
April 24, 1987.
*51 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant appeals his judgment and sentence for armed robbery. He raises two points on appeal:
I. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN ABSENTIA?
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA WHEN THE COURT FOUND IT COULD NO LONGER HONOR THE TERMS OF THE PLEA AGREEMENT?
We find merit only in appellant's first point. He asserts that the trial court erred when it sentenced him in absentia. We agree and remand only to allow the court to resentence appellant in appellant's presence.
Appellant entered a plea of guilty to the charge of armed robbery. The sentence to be imposed was the result of a negotiated plea resulting in a plea bargain whereby appellant would be sentenced to five-and-one-half years. Prior to his change of plea from not guilty to guilty, appellant had requested a few days continuance to visit a sister who was hospitalized. The negotiated plea was premised on the condition that he would be allowed until the following Monday to visit his sister, but specifically provided as a part of the plea bargain that if he failed to appear for sentencing on the following Monday, the court was free to sentence him up to the maximum sentence of life in prison. That was not a condition imposed after the plea bargain but, as the record clearly indicates, was an integral part of the bargain itself. In fact, it was appellant's attorney who announced the terms of the bargain that included the provision of increased sentence for failure to appear for sentencing. Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986). The state objected to the continuance for sentencing, stating: "[T]he State is not agreeable to having the sentencing postponed until Monday inasmuch as it took five months to find the defendant after his crime was committed."
We are concerned in our disposition of this issue, however, with the case of Williams v. State, 500 So.2d 501 (Fla. 1986). Williams seems to stand primarily for the rule that a defendant's failure to appear for sentencing in and of itself does not constitute a clear and convincing reason for departure from sentencing guidelines, even when defendant acquiesced in the conditions imposed by the trial court. That rule is consistent with Pumphrey and Moore. However, the supreme court in Williams *52 may have gone further, at least by implication, and ruled that the trial court cannot exceed the recommended guidelines sentence when it does so on the basis of a legitimate and uncoerced plea bargain.
The court in Williams states: "A trial court cannot impose an illegal sentence pursuant to a plea bargain." The cases cited in support of that statement, Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982) and Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978), were not sentences in excess of guidelines recommendations, but were illegal because of some fundamental error or because they exceeded the statutory limit. Plea bargain sentences have consistently been recognized as a valid reason for departure from a recommended sentence even if the court does not state other valid reasons for departure. Houston v. State, 502 So.2d 977 (Fla. 1st DCA 1987); Green v. State, 460 So.2d 378 (Fla. 2d DCA 1984); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984); Key v. State, 452 So.2d 1147 (Fla. 5th DCA), pet. for rev. denied, 459 So.2d 1041 (Fla. 1984).
We have not, in the past, gone behind legitimate plea bargains to determine whether clear and convincing reasons exist. The final statements in the Williams opinion cast doubt on the validity of any upward departures based upon a legitimate plea bargain. We certainly do not wish to contravene precedent established by our Supreme Court. In this case, the plea bargain proposed by the defendant was in accordance with his wishes to accomplish his purposes prior to being sentenced. He agreed that if he did not abide by his agreement, the trial judge would exceed the guidelines sentence. In our opinion, that was a legitimate plea bargain made at appellant's instigation and for his benefit. Because we are concerned with the Williams precedent, we certify the following question:
MAY A TRIAL JUDGE EXCEED THE RECOMMENDED GUIDELINES SENTENCE BASED UPON A LEGITIMATE AND UNCOERCED CONDITION OF A PLEA BARGAIN?
Because we believe the answer to that question has been previously established in the affirmative, we hold that appellant's second point on appeal, which argues his right to withdraw his guilty plea is, therefore, without merit.
Appellant, in fact, did not appear as agreed for sentencing on the following Monday after his change of plea. That Monday would have been June 2, 1986. A sentence of fifteen years was imposed on that day in defendant's absence.
Sentencing is a critical step in a criminal proceeding and the defendant must be present. (Waiver is recognized only in regard to misdemeanors.) Thacker v. State, 185 So.2d 202 (Fla. 3d DCA 1966); Fla.R.Crim.P. 3.180. While Rule 3.180(b) makes provision for a trial to proceed to verdict if a defendant voluntarily absents himself after having been present at the beginning of the proceedings, it makes no such provision in regard to the pronouncement of judgment or imposition of sentence for felony offenses. We, therefore, conclude that in regard to the imposition of sentence for felonies, the presence of the defendant is essential.
Remanded for reimposition of sentence with appellant being present.
SCHOONOVER and FRANK, JJ., concur.