RYDER, Acting Chief Judge.
Appellant was charged with committing numerous offenses. He entered a plea of guilty or nolo contendere to all counts on the understanding that “the disposition will be [the] minimum guidelines sentence [with] credit [for] time served.” The trial court adjudicated appellant guilty but continued the sentencing hearing until a pre-sentence investigation report (PSI) could be filed which would settle a dispute over appellant’s prior record. Appellant understood that if his prior record indicated five felonies, the minimum sentence would be five and one-half years and that if the prior record indicated ten felonies, the minimum sentence would be seven years.
After the PSI was filed, the trial court held a sentencing hearing and sentenced appellant to five years’ imprisonment on all the pending third degree felonies except one count of grand theft and a count involving an escape. On the one count of grand theft, appellant was sentenced to serve a two-year prison sentence consecutive to the five-year sentences imposed. Appellant was sentenced to a concurrent period of seven years on the escape charge.
Appellant argues on appeal that his scoresheet was improperly computed. The record before us does not contain either the PSI or a scoresheet. The record is clear that appellant agreed that if he had five prior felonies, his sentence would be five and one-half years, but if he had ten prior felonies then his sentence would be seven years. Given the incomplete record before us, we cannot tell how many prior felonies were listed on the PSI nor how many prior felonies were scored on the scoresheet. We cannot rule on the merits of appellant’s argument absent a scoresheet. The state argues that the absence of a scoresheet is not reversible error, citing Stokes v. State, 476 So.2d 313 (Fla. 1st DCA 1985). Stokes is distinguishable in that the guidelines score in Stokes was not in dispute. Appellant’s guidelines score is the essence of the dispute in the instant case.
Although we affirm the convictions herein, because we cannot ascertain from the record before us whether appellant received that for which he bargained when he plea bargained, we reverse the sentences and remand for the preparation of a score-sheet and resentencing.
Affirmed in part; reversed in part and remanded for resentencing.
SCHOONOVER and HALL, JJ., concur.