519 So.2d 20 (1987)
Howard E. DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. BS-235.
District Court of Appeal of Florida, First District.
November 5, 1987.
On Motion for Rehearing December 29, 1987.
Howard E. Denmark, in pro. per.
No appearance for appellee.
MILLS, Judge.
Denmark appeals from the summary denial of his motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. We affirm.
In November 1986, Denmark plead guilty to sexual battery. In return, the charge against him was reduced from capital sexual battery to first degree sexual battery, and he agreed to accept a sentence of 15 *21 years' incarceration, which exceeded the guidelines recommendation of 5 1/2-7 years. Before entering his plea, Denmark was interrogated extensively, under oath, as to his understanding of the proceeding, his satisfaction with his counsel, whether he had been coerced, threatened, or promised anything other than the plea agreement to plead, and whether he had any matter that needed clarification before entering his plea. Receiving satisfactory answers to these inquiries, the trial court accepted his plea and sentenced him to 15 years' incarceration.
In January 1987, Denmark filed the instant motion, alleging two grounds for relief: (1) that his sentence exceeded the guidelines and (2) ineffective assistance of counsel. The trial court denied the motion without hearing in February 1987, attaching a copy of the plea colloquy described above. With regard to the sentence outside of the guidelines, the court noted that "Florida cases hold that an agreement of a defendant is clear and convincing evidence to exceed the guidelines."
It was not error to deny the motion on the basis of ineffective assistance of counsel. It is apparent from Denmark's sworn testimony at the plea entry proceeding that his plea was not coerced, that he had no questions about any aspect of his plea and, most important, that he was satisfied with his counsel's handling of his case.
With regard to the sentence outside of the guidelines, we note that Denmark agreed to that sentence as a part of his plea bargain. While it has previously been held that an agreement by a defendant to be sentenced outside of the guidelines is a valid reason to depart from the recommended sentence, Key v. State, 452 So.2d 1147 (Fla. 5th DCA) pet. for rev. den., 459 So.2d 1041 (Fla. 1984), Bass v. State, 496 So.2d 880, 882 (Fla. 2d DCA 1986), the recent decision in Williams v. State, 500 So.2d 501 (Fla. 1986) may cast doubt on that holding.
In Williams, the trial judge had conditioned sentencing within the guidelines on, among other things, reappearance by the defendant at sentencing. When the defendant failed to appear, the judge sentenced him outside the guidelines and the district court affirmed the departure. Along with its primary holding that failure to appear for sentencing did not constitute a clear and convincing reason for departure from the guidelines, the Court noted that the defendant's acquiescence in that condition made no difference in that
[a] trial court cannot impose an illegal sentence pursuant to a plea bargain.... A defendant cannot by agreement confer on the court the authority to impose an illegal sentence. If a departure is not supported by clear and convincing reasons, the mere fact that a defendant agrees to it does not make it a legal sentence.
Williams at 503.
In Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), the defendant, as here, was sentenced outside the guidelines pursuant to his plea bargain. The court considered the effect of the Williams holding, and whether trial courts could thereafter exceed the recommended guidelines sentence "on the basis of a legitimate and uncoerced plea bargain."
The Quarterman court first noted that, in the cases cited in Williams in support of its holding, Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982) and Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978), the sentences were illegal because of some fundamental error or because they exceed the statutory limit. Further, noted the court, "[p]lea bargain sentences have consistently been recognized as a valid reason for departure from a recommended sentence even if the court does not state other valid reasons for departure." Quarterman at 52, citing Key, supra. Finally, the court pointed out that "the plea bargain proposed by the defendant was in accordance with his wishes to accomplish his purposes prior to being sentenced." Quarterman at 52 (emphasis in original).
Based on the foregoing analysis, the Quarterman court affirmed the departure. However, because of its concern with the *22 Williams decision, it also certified the following question:
MAY A TRIAL JUDGE EXCEED THE RECOMMENDED GUIDELINES SENTENCE BASED UPON A LEGITIMATE AND UNCOERCED CONDITION OF A PLEA BARGAIN?
We concur in and follow the reasoning of the Quarterman court in affirming the trial court's action herein in sentencing Denmark outside of the guidelines. However, we also certify the following question, slightly amended in form:
IN LIGHT OF Williams v. State, 500 So.2d 501 (Fla. 1986), MAY A TRIAL JUDGE EXCEED THE RECOMMENDED GUIDELINES SENTENCE BASED UPON A LEGITIMATE AND UNCOERCED CONDITION OF A PLEA BARGAIN?
Affirmed.
ERVIN and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
Appellant's motion for rehearing is denied. However, pursuant to Rule 9.030(a)(2)(A)(iv), Fla.R.App.P., we certify that the decision in this case expressly and directly conflicts with a decision of another district court of appeal on the same question of law. See Broomfield v. State, 514 So.2d 1135 (Fla. 5th DCA 1987).