WENTWORTH, Judge.
Appellant seeks review of an order by which his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief was denied. We find the trial court properly denied the motion on the basis of evidence showing that appellant was advised upon entry of his plea that he could be sentenced outside the guidelines. We therefore affirm.
Appellant in 1984 entered guilty pleas to two counts of armed robbery and one count of attempted first degree murder. He was sentenced outside the guidelines to concurrent 15- and 7-year terms of incarceration, and to concurrent three-year minimum mandatory terms for firearm possession. The trial court departed from the guidelines on five stated grounds. Appellant sought review of his conviction and sentence in this court, challenging the departure sentence, the reasons for departure, and the three-year minimum mandatory sentences. This court per curiam affirmed.
Appellant filed a Rule 3.850 motion, alleging that the court imposed a greater sentence than he agreed to in his plea, that the sentence is not supported by valid departure reasons, is based upon a miscalculated scoresheet, includes three-year minimum mandatory sentences about which ap *500 pellant was not advised, and subjects him to double jeopardy. The trial court denied the motion, attaching a copy of appellant’s signed plea agreement and portions of the transcript from the plea hearing conclusively showing that appellant was advised he would be sentenced outside the guidelines. The trial court found that appellant already had sought review of the remaining issues on direct appeal.
The transcript of the plea hearing conclusively shows that appellant was advised he could be sentenced outside the guidelines. Departure sentences based on legitimate plea bargains have been approved by the courts, even in the absence of reasons for departure. See, Smith v. State, 519 So.2d 731 (Fla. 1st DCA 1988), certifying the question to the Florida Supreme Court; Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987). This court on direct appeal upheld the departure. Because appellant raised the validity of the departure reasons and the three-year minimum mandatory sentences on appeal, he cannot again raise these issues in a collateral attack. Mikenas v. State, 460 So.2d 359 (Fla.1985). The issue of whether the scoresheet was miscalculated, thereby subjecting appellant to double jeopardy, is moot in view of the plea agreement, which included the possibility of sentencing outside the guidelines range.
The order is therefore affirmed.
MILLS and BARFIELD, JJ., concur.