522 So.2d 540 (1988)
David JACOBS and Brian Cullen, Appellants,
v.
The STATE of Florida, Appellee.
No. 87-2649.
District Court of Appeal of Florida, Third District.
March 29, 1988.
*541 David Jacobs and Brian Cullen, in pro. per.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
BASKIN, Judge.
Defendants Jacobs and Cullen challenge the trial court's order denying their motions to correct allegedly illegal sentences. We affirm.
The state charged defendants with trafficking in cocaine in excess of 400 grams. Under that charge, defendants were subject to mandatory minimum sentences of fifteen years imprisonment. § 893.135(1) (b)3, Fla. Stat. (1985). As part of a plea bargain with the state, defendants agreed to reduction of the charges and sentences of ten-years imprisonment. Pursuant to negotiations, defendants entered pleas of guilty to reduced charges of trafficking in cocaine in excess of 200 grams, but less than 400 grams, and were each sentenced to serve ten years in prison. The presumptive sentences on the reduced charges are less than the imposed sentences.[1]
Defendants contend that the ten-year sentences they received are illegal because they exceed the recommended guidelines range and the mandatory minimum sentence. We disagree. Defendants clearly benefited from the negotiated reduction of the charges.
Although the trial court imposed sentences greater than the presumptive sentences, it enunciated clear and convincing reasons for enhancing the sentences.[2] The plea agreement constitutes a valid reason for departure. See Holland v. State, 508 So.2d 5 (Fla. 1987); Rowe v. State, 523 So.2d 620 (Fla. 2d DCA 1988); Denmark v. State, 519 So.2d 20 (Fla. 1st DCA 1987); Quarterman v. State, 506 So.2d 50, 52 (Fla. 2d DCA 1987); see also Grimes v. State, 499 So.2d 42, 43 (Fla. 1st DCA 1986).
*542 Accordingly, we affirm the sentences under review.
Affirmed.
BASKIN and FERGUSON, JJ., concur.
DANIEL PEARSON, Judge, concurring.
The majority correctly says that a trial court must give a clear and convincing reason for a departure from the sentencing guidelines, and that a plea bargain is such a reason. However, the majority opinion should not be taken to mean that a trial judge must, as is required for sentencing departures that do not result from plea bargains, prepare a written order justifying departures that are the result of negotiated pleas. See Davidson v. State, 506 So.2d 43 (Fla. 2d DCA 1987) (since sentences were imposed according to plea bargain, it was unnecessary for trial court to review a scoresheet); Houston v. State, 502 So.2d 977, 979 (Fla. 1st DCA 1987) ("no purpose whatsoever to be served by preparation of a sentencing guidelines scoresheet" when defendant agrees to a specific sentence); Grimes v. State, 499 So.2d 42, 43 (Fla. 1st DCA 1986) ("a scoresheet seems unnecessary where all parties have agreed on a negotiated sentence"); Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986) (same; certifying question), cause dismissed, 501 So.2d 1282 (Fla. 1987); Rowe v. State, 496 So.2d 857, 859 (Fla. 2d DCA 1986).
NOTES
[1] The mandatory minimum sentence for the reduced charge is five years. § 893.135(1)(b)2, Fla. Stat. (1985). Defendant Jacobs' guidelines sentence range is 3 1/2  4 1/2 years; defendant Cullen's sentence range is 5 1/2  7 years. Since the mandatory minimum sentence under the reduced charge exceeds Jacobs' guidelines sentence, the mandatory sentence takes precedence; thus, Jacobs' presumptive sentence is 5 years. Vanoyer v. State, 498 So.2d 899, 901 (Fla. 1986); Fla.R.Crim.P. 3.701(d)(9). Because Cullen's guideline sentence exceeds the mandatory minimum sentence; Cullen's presumptive sentence is 5 1/2  7 years. Fla.R.Crim.P. 3.701(d)(9).
[2] The trial court must state clear and convincing reasons for departure where the sentence exceeds both the guidelines and the mandatory minimum sentence. See Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), review denied, 519 So.2d 987 (Fla. 1988); Hernandez v. State, 501 So.2d 163 (Fla. 3d DCA 1987); Pedraza v. State, 493 So.2d 1122, 1123 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla. 1987).