DOWNEY, Judge.
Appellant was charged in Circuit Court Case No. 85-3650 by information with robbery with a firearm (Count I) and aggravated battery with a handgun (Count II). He was adjudged guilty of those offenses pursuant to adverse jury verdicts. On October 25, 1985, appellant was sentenced to concurrent terms of five years in prison on each count, consecutive to a twelve-year sentence imposed in Circuit Court Case No. 80-8059, where in the trial court revoked appellant’s probation for armed robbery based on evidence it heard at the trial of the present Circuit Court Case No. 85-3650, as well as appellant’s admissions to certain technical violations.
On a previous appeal, this court determined that appellant’s guidelines score-sheet had been incorrectly prepared, since the offense for which appellant was on probation was scored as a prior conviction, not an additional offense. This cause was remanded for resentencing, and, on April 27, 1987, the trial court resentenced appellant to seven years in prison in Circuit Court Case No. 80-8059, which was within the seven to nine-year sentencing range suggested by the corrected sentencing guidelines scoresheet. However, appellant’s concurrent five-year sentences in Circuit Court Case No. 85-3650 remain consecutive to the sentence in Circuit Court Case No. 80-8059, for a total sentence of twelve years’ imprisonment.
Notice of appeal was timely filed, wherein appellant contends the trial court erred in resentencing appellant because, as the sentence now stands, the two concurrent five-year sentences in Case No. 85-3650 run consecutive to the seven-year prison sentence imposed in Case No. 80-8059. This total sentence constitutes a departure from the amended scoresheet and no grounds for such departure are included in the record. The state has conceded the error.
In the prior appeal, this court held that appellant’s violation of probation should not have been scored as a prior conviction but as an additional offense and such computational correction results in a *1087 guidelines score for all cases pending before the court. See White v. State, 489 So.2d 115 (Fla. 1st DCA 1986) (only one scoresheet, the one recommending the most severe sentence, should be used by the trial court in sentencing). Moreover, although the sentencing guidelines have been amended since the date of appellant’s sentencing to provide that an offense for which a defendant is on probation at the time new crimes are committed is to be scored as a prior record rather than as an additional offense, such change may not be retroactively applied. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987).
In this case, appellant’s sentence was properly reduced on remand to seven years, but the two five-year terms were allowed to remain consecutive such that a total sentence of twelve years was imposed in excess of the guidelines sentence with no written reasons for departure given, nor any indication that a departure sentence was intended.
Accordingly, the sentence appealed from is reversed and the cause remanded to the trial court for resentencing in accordance with this opinion.
GLICKSTEIN and DELL, JJ., concur.