SHAHOOD, Justice.
Appellant pled guilty to possession of cocaine, a third degree felony punishable by a statutory maximum of five years. The trial court adjudicated him guilty and placed him on two years’ probation. A short time later, appellant violated his probation; the court revoked the original probationary term and reimposed a two-year probation period. The appellant again violated his probation; the court revoked his probation and placed him on two years’ community control. After a short period of time, appellant violated community control and the court resentenced him to two years’ community control.
After having served a total sentence of two years nine months (probation, community control, and jail combined) and after having had his probation and community control revoked and reinstated on several occasions due to various violations, appellant again violated his community control. The court then placed appellant on two more years of community control followed by two additional years of probation. The effect of the trial court’s last sentence is that appellant would serve a total sentence of six years and nine months, a sentence which exceeds the statutory maximum for a third degree felony. We reverse and remand for resentencing.
A trial court has no authority to extend a period of probation beyond the maximum permissible sentence for the underlying offense. Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993) (citations omitted). Indeed, were we to permit probation and/or community control to be extended beyond the statutory maximum for the offense, courts could feasibly extend a defendant’s sentence ad infinitum beyond the statutory maximum each time probation or community control was revoked. Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992). The fact that appellant pled guilty to the underlying crimes does not preclude his right to take a direct appeal of an illegal sentence. Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978).
Accordingly, we vacate the trial court’s order placing appellant on two years’ community control followed by two years’ probation and remand with directions that the trial court enter an order consistent with this opinion.
REVERSED and REMANDED.
POLEN and STEVENSON, JJ., concur.