425 So.2d 81 (1982)
Wallace McClure KELLY, a/K/a Scott A. Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2563.
District Court of Appeal of Florida, Second District.
December 17, 1982.
Rehearing Denied January 19, 1983.
*82 Milton M. Ferrell, Jr., and Lawrence M. Malman of Ferrell & Ferrell, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant appeals his convictions for conspiracy to traffic in cannabis in excess of 100 pounds and trafficking in cannabis in excess of 10,000 pounds. He asserts that he was denied his constitutional right to a full cross-examination of the state's star witness, Paul Scott. We agree and reverse.
The charges against the defendant stem from the arrival of a boat loaded with a large quantity of marijuana at the Gasparilla Marina in Placida, Florida, in the early morning hours of June 3, 1981. Paul Scott was an employee of the Gasparilla Marina and resided on the marina premises. On the night in question, he observed a black, 4-wheel-drive truck driving on the public road near the marina in what he believed to be a suspicious manner. He also observed other vehicles in the area and observed a large boat pull into the marina from the intercoastal waterway. Scott went to a nearby place of business and asked a guard to notify the Sheriff's Department.
At trial, Scott identified the defendant as being the driver of the black truck. On cross-examination, he admitted that he failed to give any reference to or description of the defendant in a statement given on June 8 to the Sheriff's Department and that his first identification of the defendant was made about a month later at a photo lineup. He also admitted that when his deposition was taken in a related case he had stated that the driver of the black truck could have been a female and that he could not identify the driver.
Prior to the trial, Scott was arrested in Miami for soliciting a bribe and carrying a concealed firearm. He allegedly had made a series of phone calls to solicit a bribe from a defense attorney for a co-defendant and offered to change his testimony for the sum of $120,000.
At trial, the state elicited the following testimony from Scott on direct examination:
Q... . were you arrested in Miami?

*83 A. Yes.
Q. What were you arrested for?
A. Soliciting a bribe.
Q. What is the actual charge, do you know?
A. No.
Q. Soliciting a bribe?
A. Yes.
Q. Were you offering to change your testimony for a sum of money?
A. No.
Q. What was the charge?
A. I don't know the charge.
Q. But you were arrested down in Miami for soliciting a bribe?
A. Yes.
On cross-examination by counsel for the defendant, the following took place:
Q. Mr. Scott, let's talk a little bit about the arrest that Mr. Berry inquired into. You were arrested for an infraction related to this case down in Miami, I believe, wasn't it.
A. No.
Q. Where was it?
A. Not this case.
Q. In relation to this incident?
A. Yes.
Q. Okay. What were you arrested for?
A. Soliciting a bribe.
Q. Soliciting a bribe?
A. Yes.
Q. Anything else?
A. Carrying a concealed firearm.
... .
Q. What did you do to lead up to that arrest?
A. May I speak to the Judge?
Q. You tell this Jury what you did to lead up to that arrest.
MR. BERRY: Your Honor, I will object at this point. I would ask the Jury be taken out.
The prosecutor then stated the ground for his objection to be that "Mr. Scott needs to be advised of his constitutional rights under the fifth amendment of the Constitution on self-incrimination." The trial judge thereupon declared a recess and brought in the public defender to advise Scott of his constitutional rights. The public defender advised Scott to invoke his fifth amendment privilege against self-incrimination in regard to his arrest in Miami as to any facts other than the facts of public record. When defense counsel resumed cross-examination of Scott, Scott invoked his fifth amendment privilege against self-incrimination and declined to answer any questions concerning the details of the charge in Miami against him for soliciting a bribe. Asserting a denial of the defendant's rights under the sixth amendment, defense counsel moved to strike Scott's testimony. That motion was denied.
The sixth amendment provides that in all criminal prosecutions, the accused shall enjoy the right, among others, to be confronted with the witnesses against him. This confrontation clause of the sixth amendment is applicable to the states through the fourteenth amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Article I, section 16, of the Florida Constitution also contains a confrontation clause affording the accused the right "to confront at trial adverse witnesses."
A primary interest secured by the confrontation clause is the right of cross-examination. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The right of cross-examination, of course, includes the right to examine a witness as to matters affecting his credibility, including a possible motive for testifying. In Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court said:
A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness *84 and affecting the weight of his testimony."... . We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. [Citations omitted.]
In this case, Scott was a star witness for the prosecution because his testimony was essential to the state's case. Only Scott identified the defendant as being at the scene on the night that the boat loaded with marijuana arrived at the Gasparilla Marina. Under such circumstances, denial of the right to explore on cross-examination possible bases for impeaching the credibility of the witness amounts to a denial of rights under the sixth amendment. Greene v. Wainwright, 634 F.2d 272 (5th Cir.1981); Beaudine v. United States, 368 F.2d 417 (5th Cir.1966); United States v. Cardillo, 316 F.2d 606 (2d Cir.1963); Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978). If a defendant's right to cross-examination on such matters is thwarted, the remedy is to strike the witness' testimony. United States v. Cardillo.
Here, Scott testified on direct examination that he had been arrested in Miami on a charge of soliciting a bribe. When asked whether he had offered to change his testimony for money, he answered in the negative. Clearly, the defendant's sixth amendment rights were denied when he was foreclosed from inquiring into these matters on cross-examination of Scott. In a case involving the alleged solicitation of a bribe by a star witness for the prosecution, the United States Court of Appeals, Fifth Circuit, held that under such circumstances it was essential in the truth-finding function of the trial that the witness' motivations be explored fully and with vigor. Beaudine v. United States. The court pointed out that it is almost always the case when cross-examination directed to its main objective  destruction of credibility  is unduly restricted, the record, of necessity, does not and cannot reflect what would have been developed; appropriate cross-examination could only be accomplished by an adroit, penetrating, relentless cross-examination searching deeply into the motivation of the witness.
We reject the state's argument that the matter of Scott's alleged solicitation of a bribe was fully presented to the jury through other witnesses and the questions on direct and cross-examination which Scott actually answered. The cross-examination of Scott was abruptly curtailed, and no other evidence could substitute for a full cross-examination of Scott on this issue.
In view of our disposition, it is not necessary that we consider other points raised by the defendant.
REVERSED AND REMANDED FOR A NEW TRIAL.
OTT, C.J., and HOBSON, J., concur.