PER CURIAM.
The appellant appeals a judgment of conviction and sentence for manslaughter with a firearm, pursuant to a jury verdict finding him guilty of such charge.
One of the points relied upon by appellant for reversal is that the trial court erred in granting the state’s pretrial motion in limine, thereby restricting appellant’s right to cross-examine the key prosecution witness on matters crucial to that witness’s credibility. We find merit in this contention and reverse and remand for a new trial. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (defendant’s sixth amendment right of confrontation of witnesses was violated by trial court’s limiting defense counsel’s cross-examination of prosecution witness in attempt to demonstrate possible bias by showing witness’s probationary status as juvenile delinquent); Moreno v. State, 418 So.2d 1223, 1226 (Fla. 3d DCA 1982) (refusal to allow defendant to question state’s witnesses about criminal charges brought against them, for which they had been granted immunity in exchange for their testimony, was reversible error); Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977) (trial court committed reversible error in precluding defense counsel from cross-examining state’s witness regarding a criminal charge or prosecution then pending against him).
In view of our disposition, we decline to address the additional points raised by appellant, as they are based on matters which should not recur on retrial.
Reversed and remanded for a new trial.