645 So.2d 113 (1994)
James LILLYMAN, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, Respondent.
No. 94-2190.
District Court of Appeal of Florida, Fifth District.
November 10, 1994.
*114 Stuart I. Hyman of NeJame & Hyman, P.A., Orlando, for petitioner.
Enoch J. Whitney, General Counsel, Jill Tavlin Swartz and Kim Feigin, Asst. Gen. Counsels, for respondent.
DAUKSCH, Judge.
Petitioner's driver's license was revoked after a formal hearing at which his cross-examination of the arresting officer was limited and his right to proffer testimony denied. On certiorari review, the circuit court agreed with petitioner that the hearing officer committed error in limiting cross-examination on a relevant matter and refusing to allow a proffer, so the court granted the petition and remanded the case for further proceedings consistent with its opinion. Petitioner sought certiorari review in this court, claiming that the circuit court departed from the essential requirements of law in remanding for further proceedings.
When an evidentiary error is made in an administrative hearing, the remedy is to remand for further proceedings. See, e.g., Bass v. Florida Department of Law Enforcement, Criminal Justice Standards & Training Commission, 627 So.2d 1321 (Fla. 3d DCA 1993) (erroneous exclusion of testimony required remand for further proceedings). The remedy is similar to granting a new trial when an error is made during trial regarding the admissibility of testimony. See, e.g., Young v. State, 522 So.2d 540 (Fla. 3d DCA 1988) (remand for new trial required where court improperly restricted defendant's cross-examination of key prosecution witness on matters crucial to witness' credibility); Sadler v. State, 509 So.2d 1139 (Fla. 5th DCA 1987) (precluding defense from proffering rebuttal testimony violates substantive due process and fair play, so case remanded for new trial); Kelly v. State, 425 So.2d 81 (Fla. 2d DCA 1982) (denial of right to explore on cross-examination possible basis for impeachment requires remand for a new trial). Petitioner is not entitled to dismissal of the license revocation proceeding.
PETITION DENIED.
HARRIS, C.J., and GRIFFIN, J., concur.