PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Criminal) petitions this Court to amend the Florida Standard Jury Instructions in Criminal Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The proposals were published in The Florida Bar News on April 15 and October 1, 2001, and no comments were received. A portion of the proposed amendments was republished in the November 1, 2002 edition of The Florida Bar News. Again, no comments were received.
The proposed amendments are as follows:
Proposal 1: Revised instructions on RICO offenses.
*1273 Proposal 2: Revised burglary instruction.
Proposal 3: Revised theft instruction.
Proposal 4: Revised sexual battery instructions.
Proposal 5: New instruction for battery on an employee of a correctional facility.
Proposal 6: Revised instruction on submitting case to jury.
We hereby authorize the publication and use of the new and revised instructions, with minor changes, as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Proposal 1. Revised instructions on RICO offenses
26.2 RICO — USE OR INVESTMENT OF PROCEEDS FROM PATTERN OF RACKETEERING ACTIVITY
§ 895.03(1), Fla.Stat.
To prove the crime of Unlawful Use or Investment of Proceeds from a Pattern of Racketeering Activity, the State must prove the following four elements beyond a reasonable doubt:
1. At least two of the following incidents occurred. (pRead incidents alleged in information ).

Modify 1 and 2 if only two incidents alleged

2. Of those incidents which did occur, at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.
3. (Defendant) with criminal intent received proceeds which were derived directly or indirectly from such incidents.
4. (Defendant) [used] [invested] some of these proceeds [or proceeds derived from the investment or use thereof] either directly or indirectly [in acquiring some right, title, equity or interest in real property] [in establishing or operating an enterprise].

Define the crimes alleged as incidents.

Instruct as to the five-year limitation period (§ 895.02(k), Fla.Stat)■ if appropriate. See § 895.02(1), FlaStat.

Define the crimes alleged-as-ineide-nts-

Definitions Give in every case

“Receiving proceeds with criminal intent” means that the defendant, at the time [he][she] received the proceeds, either knew the source of the proceeds or had [his][her] suspicions aroused but deliberately failed to make further inquiry as to the source of the proceeds.

*1274
Give as applicable § 895.02(9), FlaStat.

“Real property” means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.

Give as applicable § 895.02(3), FlaStat-

“Enterprise”-^means any individualT sole proprietorship, partnership, — corporation, business trust, union chartered under the laws of Florida, or other legal entity, or any unchartered union^assoei-ation, or group of individuals-assoeiated in fact although not-a-4egal entity, and includes-lawful as well as-unlaw-ful-en-terprises-and-governmental as well--as other entities.
An “enterprise” is an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct.
As to whether an individual-Gan-be-an enterprise see State v. Nishi, 521 So.2d 252 (Fla. 3d DGA — W88), and State--v--Bowen,■ J¡USoM-74)8 (Fla. 1st DCA-4M8)j-mUr den. m SoMA-60,
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.3 RICO — USE OR INVESTMENT OF PROCEEDS FROM COLLECTION OF UNLAWFUL DEBT
§ 895.03(1), Fla.Stat.
To prove the crime of Unlawful Use or Investment of Proceeds from Collection of Unlawful Debt, the State must prove the following, two elements beyond a reasonable doubt:
1. (Defendant) with criminal intent received proceeds which were derived directly or indirectly through the collection of an unlawful debt.
2. (Defendant) [used] [invested] some of these proceeds [or proceeds derived from the investment or use thereof] either directly or indirectly [in acquiring some right, title, equity, or interest in real property] [in establishing or operating an enterprise].

Definitions Give in every case

“Receiving proceeds with criminal intent” means that the defendant, at the time [he] [she] received the proceeds, either knew the source of the proceeds or had [his][her] suspicions aroused but deliberately failed to make further inquiry as to the source of the proceeds.

§ 895.02(2), FlaStat.

“Unlawful debt” means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law: (recite applicable section and define crime).

Give as applicable § 895.02(9), FlaStat.

“Real property” means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.

*1275
Give as applicable § 895.02(3), Fla.Stat.

“Enterprise” means any individual, sole proprietorship» partnership» corporation» business -trust» union chartered under the laws of Florida^-or other legal entity» or any unchartered union» association» or group of individuals associated in fact-althoughuiot a legal entity» and includes lawful as well as unlawful enterprises and governmental as well — as other entities»
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.

As to whether-an individiial can be an enterprise see State v. Nishi, 521~So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen? US SoM-F98 (Fla.Ust DCA 1983-h-^e^ den. Uk So.2d -760r

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.4 RICO — ACQUISITION OR MAINTENANCE THROUGH PATTERN OF RACKETEERING ACTIVITY
§ 895.03(2), Fla.Stat.
To prove the crime of unlawfully [acquiring] [maintaining] an interest in or control of [an enterprise] [real property], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) engaged in at least two of the following incidents.
[rRead incident alleged in information ).

Modify 1 and % if only two incidents alleged

2. Of those incidents in which (defendant) was engaged, at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.
3. As a result of such incidents (defendant) [acquired] [maintained], directly or indirectly, interest in or control of [an enterprise] [real property].

Define the crimes alleged as incidents.

Instruct as to the five-year limitation period (§ 895.02(1), Fla^Stath-) if appropriate. See § 895.02(1), Fla.Stat.

Define the crimes alleged as incidents

Definitions Give as applicable § 895.02(3), FlaStat,

“Enterprise” means — any individual, sole proprietorship, partnership,-corporation, business trust, union chartered under the laws of Florida,- or other legal entity,-or any unchartered union,-association, or group of individuals associated in fact-although not a legal entity, and includes lawful- as well as unlawful enterprises and governmental as well — as other entities.
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.
*1276 As to whether an-individual can be an enterprise see State v* Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, US SoM 798 (Fla^ — 1st—DGA—1-983)} rev, den. Jp2Ip So.2d 760-

Give as applicable § 895.02(9), Fla.Stat.

“Real property” means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.5 RICO — ACQUISITION OR MAINTENANCE THROUGH COLLECTION OF UNLAWFUL DEBT
§ 895.03(2), Fla.Stat.
To prove the crime of unlawfully [acquiring] [maintaining] an interest in or control of [an enterprise] [real property], the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [acquired] [maintained], directly or indirectly, interest in or control of [an enterprise] [real property].
2. [He][She] did so through the knowing collection of an unlawful debt.

Definitions Give in every case

“Unlawful debt” means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law: (recite applicable section and define crime).

Give as applicable §-895t02(3)~ FlaStat.

“Enterprise” means — any individual, sole-proprietorship, partnership, corporation, business trust,-union chartered under-the laws of Florida,-or-other legal entity, or-any-unchartered union, association, or-group of individuals associated in-faet-although not a legal entity, and ineiudes-lawful as well as unlawful enterprises-and-governmental as well as
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.
As to ivhether an- individual can be an enterprise-see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Boioen, US So.2d 798- (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.

Give as applicable § 895.02(9), FlaStat.

“Real property” means land and whatever is erected on it. It includes but is not limited to any lease or mortgage or other interest in that property.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the *1277 term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.6 RICO — CONDUCT OF OR PARTICIPATION IN AN ENTERPRISE THROUGH COLLECTION OF UNLAWFUL DEBT
§ 895.03(3), Fla.Stat.
To prove the crime of unlawfully [conducting] [participating in] in an enterprise, the State must prove the following two elements beyond a reasonable doubt:

Defendant ma/y- or may not be “enterprise. ” See note belme

1. (Defendant) was [employed by] [associated with] an enterprise.
2. (Defendant) [conducted] [participated in], directly or indirectly, in such enterprise through the knowing collection of an unlawful debt.

Definitions

§ 895.02(2), Fla.Stat.

“Unlawful debt” means any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in Florida in whole or in part because the debt was incurred or contracted in violation of the following law: (recite applicable section and define crime).

§ 895.02(3), Fla.Stat.

“Enterprise- — means any individual, sole proprietorship^partnership, corporation, business-trust-, union chartered under the laws of- Florida, or other-legal entity, or any unchartered union, association, or group of-individuals associated in fact although not a legal entity,-and includes lawful as well as unlawful enterprises and governmental as well as other entities»
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.
As to whethe-r-an individual-mn-be-em enterprise see State v. Nishi, 521 So.2d 252 (Fla. 3d-DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983), rev, den. 424 So.2d 760.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.7 RICO — CONDUCT OF OR PARTICIPATION IN AN ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY
§ 895.03(3), Fla.Stat.
To prove the crime of unlawfully [conducting] [participating in ] in an enterprise, the State must prove the following two three elements beyond a reasonable doubt.

Defendant may or-may not be “enterprise. ” See note below

1. (Defendant) was [employed by] [associated with] an enterprise.
*1278 2. (Defendant) [conducted] [participated in ], directly or indirectly, in such enterprise by engaging in at least two of the following incidents. (rRead incidents alleged in information)-.
3. Of those incidents in which (defendant) was engaged at least two of them had the same or similar [intents] [results] [accomplices] [victims] [methods of commission] or were interrelated by distinguishing characteristics and were not isolated incidents.

Define the crimes alleged as incidents.

Instruct as to the five-year limitation period (-§-895A2(4)y FlaStat.) if appropriate. See § 895.02(1), Fla.Stat.

Define the crimes alleged as incidents

Definitions;- Ggive as applicable §-895.02(3), Fla.Stat.

“Enterprise” means any — individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of-Florida, or other legal entity, or-any-unchartered -union, association, or group of individuals-associated in fact although not a legal entity, and includes-lawful as-well-as-unlawful enterprises and governmental as well as other entities.
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.

As-to-whethe-r-an individual-can be an enterprise see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983), rev. den. So.2d 760.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
26.8 CONSPIRACY TO ENGAGE IN PATTERN OF RACKETEERING ACTIVITY
§ 895.03(4), Fla.Stat.
A “conspiracy” is a combination or agreement of two or more persons to join together to attempt to accomplish an offense which would be in violation of the law. It is a kind of “partnership in criminal purposes” in which each member becomes the agent of every other member.
The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement or that they directly discussed between themselves the details of the scheme and its purpose or the precise ways in which the purpose was to be accomplished. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives nor that any alleged member of the conspiracy did any act in furtherance of the conspiracy.
*1279 What the evidence in the case must show beyond a reasonable doubt before you may find the defendant guilty of conspiring to violate the RICO Act is:
1. Two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely to engage in a “pattern of racketeering activity” as charged in the Information; and
2. The defendant knowingly and willfully became a member of such conspiracy; and
3. At the time the defendant joined such conspiracy, [he][she] did so with the specific intent either to personally engage in at least two incidents of racketeering, as alleged in the Information, or [he][she] specifically intended to otherwise participate in the affairs of the “enterprise” with the knowledge and intent that other members of the conspiracy would engage in at least two incidents of racketeering, as alleged in the Information, as part of a “pattern of racketeering activity.”
A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict [him][her] for conspiracy, even though [he][she] did not participate before and even though [he][she] played only a minor part.
Of course, mere presence at the scene of a transaction or event or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy does not thereby become a conspirator.

Defense; give if applicable; § 777M(S)(c), Fla.Stat.

It is a defense to the charge of conspiracy to engage in a pattern of racketeering activity that (defendant), after knowingly entering into such a conspiracy with one or more persons, thereafter persuaded such persons not to engage in such activity or otherwise prevented commission of the offense. In this regard you are instructed that a mere endeavor to dissuade one from engaging in such activity is insufficient.

An endeavor to dissuade a coconspirator is insufficient to constitute the statutory defense of withdrawal. State v. Bauman, 425 So.2d 82, 34 (Fla. 4th DCA 1982).

Definitions

“Pattern of racketeering activity” means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents.

§ 895.02(3)-,-Fla.Stat-

“Enterprise- means any— individual? sole proprietorship, partnership, corporation, business trust, union chartered under the laws of Florida, or-other legal entity, orany-unchartered union, association, or group of individuals associated in fact although not a legal entity, and includes lawful as well as unlawful-en *1280 terprises and governmental as well as
An “enterprise” is an ongoing organization, formal or informal, that both functions as a continuing unit and has a common purpose of engaging in a course of conduct.

As-to- whether an individual-can be an enterprise see State v. Nishi, 521 So.M 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st-DGA- 1983), rev. den. 424 So.2d 760.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1989 and amended in 2003. The definition of the term “enterprise” in this instruction is from the supreme court’s opinion in Gross v. State, 765 So.2d 39 (Fla.2000). As to the issue of whether an individual can be an enterprise, see State v. Nishi 521 So.2d 252 (Fla. 3d DCA 1988) and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983).
Proposal 2. A revised burglary instruction
13.1 BURGLARY
§ 810.02, Fla.Stat.

Give this statement of the elements if the charge is unlawful entry:

To prove the crime of Burglary, the State must prove the following three elements beyond a reasonable doubt:
ini a [structure] [conveyance] owned by or in the possession of (person alleged).
2. (Defendant) did not have the permission or consent of (person alleged^ or anyone authorized to act for [him][her]y to lenter-H-remain in] the [structure] [conveyance] at the that time.
3. At the time of [entering] [remaining — in] the [structure] [conveyance] (defendant) had a fully-formed conscious intent to commit the offense of (crime alleged) in that [structure][conveyance].

Give this statement of the elements if the charge is unlawfully remaining:

To prove the charge of burglary, the state must prove the following two elements beyond a reasonable doubt:
L (Defendant) had permission or consent to enter a [structure] [conveyance] owned by or in the possession of (person alleged).
2. (Defendant) after entering the [structure] [conveyance] remained therein

Give a, b, or c as applicable

a. surreptitiously and with the fully-formed conscious intent to commit the offense of (crime alleged).
b. after permission to remain had been withdrawn and with the fully-formed conscious intent to commit the offense of (crime alleged).
c. with the fully formed-conscious intent to commit or attempt to commit the offense of (forcible felony alleged).

Define the crime or forcible felony alleged.

Define the offense that loas the object of ihe-burglary.

Give whichever bracketed language applies

A person may be guilty of this offense [if he or she originally entered the *1281 premises at a time when they were open to the public, but remained there after he or she knew that the premises were closed to the public], [or]
[if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public], if he or she had the intent to commit the crime described in the charge.

§ 810.07, FlaStat.

Proof of the entering of a [structure] [conveyance] stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the [structure] [conveyance] to commit (crime alleged).

Proof of intent

The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.
Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit (crime alleged), the defendant must be found not guilty.

Proof of possession of stolen property

Proof of unexplained possession by an accused of property recently stolen by means of a burglary may justify a conviction of burglary with intent to steal that property if the circumstances of the burglary and of the possession of the stolen property, when considered in the light of all evidence in the case, convince you beyond a reasonable doubt that the defendant committed the burglary.

Definitions; give as applicable

§ 810.011(1), FlaStat.

“Structure” means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.

§ 810.011(3), FlaStat.

“Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.

Enhanced penalty; give if applicable

The punishment provided by law for the crime of burglary is greater if the burglary was committed under certain aggravating circumstances. Therefore, if you find the defendant guilty of burglary, you must then consider whether the State has further proved those circumstances.

With an assault

If you find that in the course of committing the burglary the defendant made an assault upon any person, you should find [him][her] guilty of burglary during which an assault has been committed. An assault is an intentional and unlawful threat either by word or act to do violence to another at a time when the defendant appeared to have the ability to carry out the threat and [his][her] act created a well-founded fear in the other person *1282 that the violence was about to take place.

While armed

If you find that in the course of committing the burglary the defendant was armed or armed [himself] [herself] within the structure with explosives or a dangerous weapon, you should find [him][her] guilty of burglary while armed.

Structure is a dwelling

If you find that while the defendant made no assault and was unarmed, the structure entered was a dwelling, you should find [him][her] guilty of burglary of a dwelling.

Human being in structure or conveyance

If you find that while the defendant made no assault and was unarmed, there was a human being in the [structure] [conveyance] at the time [he][she] [entered] [remained in] the [structure] [conveyance], you should find [him][her] guilty of burglary of a [structure] [conveyance] with a human being in the [structure] [conveyance].

With no aggravating circumstances

If you find that the defendant committed the burglary without any aggravating circumstances, you should find [him][her] guilty only of burglary.

§ 810.011(4), Fla.Stat.

An act is committed “in the course of committing” if it occurs in the attempt to commit the offense or in flight after the attempt or commission.

§ 790.001(5), Fla.Stat.

“Explosive” means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.

If necessary see exceptions set out in § 791.01 and Chapter 552, Fla.Stat.

A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
“Dwelling” means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
Therefore, if you find the defendant guilty of burglary, it will be necessary for you to state in your verdict whether the defendant (insert aggravating circumstances charged).
[[Image here]]
*1283 [[Image here]]
Comment
This instruction was adopted in 1981 and amended in 1985, and 1997, and 2003. The current instruction should be given for offenses committed after July 1, 2001. See § 810.02, Fla.Stat. (2001).
Proposal 3. A revised theft instruction 14.1 THEFT
§ 812.014, Fla.Stat.
To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) knowingly and unlawfully [obtained] [used] [endeavored to obtain] [endeavored to use] the (property alleged) of (victim).
2. [He][She] did so with intent to, either temporarily or permanently,
[deprive (victim) of [his][her] right to the property or any benefit from it.]
[appropriate the property of (victim) to [his][her] own use or to the use of any person not entitled to it.]

Degrees; give if property is of monetary value up to extent of charge

If you find the defendant guilty of theft, you must determine by your verdict whether:
a. [The value of the property taken was $100,000 or more.]
b. [The property taken was cargo valued at $50,000 or more that has entered the stream of commerce from the shipper’s loading platform to the consignee’s receiving dock,]
c. [The property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper’s loading platform to the consignee’s receiving dock.]
d. [The property taken was emergency medical equipment valued at $300 or more that was taken from a licensed facility or from an emergency medical aircraft or vehicle.]
eb. [The value of the property taken was $20,000 or more but less than $100,000.]
*1284 fe. [The value of the property taken was $300 or more but less than $20,000.]
gd. [The value of the property taken was less than $300.]

Give if applicable

he. [The property was [a will, codicil, or other testamentary instrument.] [a firearm.] [a motor vehicle.] [a commercially farmed animal.] [an aquaculture species raised at a permitted aquaculture facility.] [a fire extinguisher.] [2000 or more pieces of fruit.] [taken from a posted construction site.]]

Inferences; give if applicable. § 812.022(1), Fla-Stat.

Proof that a person presented false identification not current in respect to name, address, place of employment or other material aspect in connection with the leasing of personal property, or failed to return leased property within 72 hours of the termination of the leasing agreement, unless satisfactorily explained, gives rise to an inference that the property was obtained or is now used with unlawful intent to commit theft.

Inferences; give if applicable § 812.022(2), FlaStat.

Proof of possession of recently stolen property, unless satisfactorily explained, give rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.

Definitions; give if applicable.

§ 812.012(1), FlaStat.

“Cargo” means partial or entire shipments, containers, or cartons of property which are contained in or on a trailer, motortruck, aircraft, vessel, warehouse, freight station, freight consolidation facility, or air navigation facility.

§ 812.0U(2)(b)3, FlaStat.

“Emergency medical equipment” means mechanical or electronic apparatus used to provide emergency service and care or to treat medical emergencies.

§ 395.002(10), Fla. Stat.

“Emergency service and care” means medical screening, examination, and evaluation by a physician, or other medically appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists, and if it does, the care, treatment or surgery by a physician necessary to relieve or eliminate the emergency medical condition, within the service capability of the facility.

§ 395.002(17), FlaStat.

“Licensed facility” means a hospital, ambulatory surgical center, or mobile surgical facility licensed by the Florida Agency for Health Care Administration. See Chapter 395, Fla.Stat.

§ 812.0U(2)(b)8, FlaStat.

“Emergency medical aircraft or vehicle” means any aircraft, ambulance or other vehicle used as an emergency medical service vehicle that has been issued a permit in accordance with Florida law.

§ 812.012(3 2), FlaStat.

“Obtains or uses” means any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
*1285 (c) Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
(d) (1) Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, deception; or
(2) Other conduct similar in nature. “Endeavor” means to attempt or try.

§ 812.012(4.3), FlaStat.

“Property” means anything of value, and includes:
real property, including things growing on, affixed to and found in land;
tangible or intangible personal property, including rights, privileges, interests and claims; and services.

It is error to inform the jury of-a prior-

mnviction-. — Therefore, do not read the

allegation of prior conviction or send the

information or indictment into the jury

room-. — The historical fact of a- -previous■

eonviction shall.be determined by the

judge, and shall thereby fix the-degree' of

the crime. State of Florida v. Harris, 356

So.2d 815 (FlaJWQr

§ 812.012(6 &), FlaStat.

“Services” means anything of value resulting from a person’s physical or mental labor or skill, or from the use, possession, or presence of property, and includes:
repairs or improvements to property;
professional services;
private, public or government communication, transportation, power, water or sanitation services;
lodging accommodations; and
admissions to places of exhibition or entertainment.

§ 812.012(10»), FlaStat.

“Value” means:
The market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.
In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.
The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing an advantage over those who do not know of or use the trade secret.
If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $300.
Amounts of value of separate properties, involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or several persons, may be totaled in determining the grade of the offense.
*1286 [[Image here]]
*1287 Comment
This instruction was adopted in 1981 and amended in 1989, and 1992, and 2003.
It is error to inform the jury of a prior conviction. Therefore, if the information or indictment contains an allegation of one or more prior convictions, do not read that allegation and do not send the information or indictment into the .jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined separately. State v. Harris, 356 So.2d 315 (Fla.1978).
Proposal 4. Revised sexual battery instructions
11.2 SEXUAL BATTERY — VICTIM 12 YEARS OF AGE OR OLDER-GREAT FORCE
§ 794.011(3), Fla.Stat.
To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older with the Use of a Deadly Weapon or Physical Force, the State must prove the following four elements beyond a reasonable doubt:
1. (Victim) was 12 years of age or older.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. (Defendant) in the process
a. [used or threatened to use a deadly weapon].
b. [used actual physical force likely to cause serious personal injury].
4. The act was done without the consent of (victim).

Definitions

Give in all cases

“Consent” means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.

Give if applicable

Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
“Union” means contact.

Give if 3a alleged

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

*1288
Give if 3b alleged

“Serious personal injury” means great bodily harm or pain, permanent disability, or permanent disfigurement.

Give if applicable

However, any act done for bona fide medical purposes is not a sexual battery.

fyr-the-e-vent-that multiple perp^odofs is-eharged-and proven, give-instruction on enhancement;-^- 794.023, FlaStat.

The option of the word “[with] (victim)” in 2a is provided-to-mflect the man-ne-r — in which the — enime.was committed. See Goleman v. State, k8k So.2d 62Jp (Fla. 1st BGA-1386)-at pages 627r4£&r
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 1981 and was amended in 1987, and 1995, and 2003.
fa-fee- event that-multiple perpetrators is charged and proven, give instruction-on enhancement, § 794.023, Fla.Stat.
The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
11.3 SEXUAL BATTERY — VICTIM 12 YEARS OF AGE OR OLDER — CIRCUMSTANCES SPECIFIED
§ 794.011(4), Fla.Stat.
To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older under specified circumstances, the State must prove the following four elements beyond a reasonable doubt:
1. (Victim) was 12 years of age or older.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. a. [(Victim) was physically helpless to resist.]
b. [(Defendant) coerced (victim) to submit by threatening to use force or violence likely to cause serious personal injury and (victim) reasonably believed the (defendant) had the present ability to execute the threat.]
c. [(Defendant) coerced (victim) to submit by threat of retaliation against (victim) or any other per *1289 son and (victim) reasonably believed that (defendant) had the ability to execute the threat in the future.]
d. [(Defendant), without prior knowledge or consent of (victim), administered or had knowledge of someone else administering to (victim) a narcotic, anesthetic, or other intoxicating substance that mentally or physically incapacitated (victim).]
e. [(Victim) was mentally defective and (defendant) had reason to believe this or had actual knowledge of that fact.]
f. [(Victim) was physically incapacitated.]
4. The act was committed without the consent of (victim).

Definitions

Give in all cases

“Consent” means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.

Give if applicable

Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
“Union” means contact.

Give if 3a alleged

“Physically helpless” means that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to act.

Give if 3b alleged

“Serious personal injury” means great bodily harm or pain, permanent disability, or permanent disfigurement.

Give if 3f alleged

“Physically incapacitated” means that a person is bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act.

Give if applicable

However, any act done for bona fide medical purposes is not a sexual battery.

In the event-that multiple pe-npetrators is charged and pvoven^-gwe instruction-on enhancement, § 79Jp.023, FlaStat.

The option of the tvord“[with] (victim)’’ in 2a is provided-io-reflect the manne-r-m ivhich the crime- was committed-. — See Coleman v. State, So=2d 621 (Fla, -1st DC A 1986), at pages 627, -6S&-
*1290 [[Image here]]
Comment
This instruction was adopted in 1981 and was amended in 1987, 1992, and 1995, and 2003.
In the event that multiple perpetrators is charged and proven, give instruction on enhancement, § 794,023, Fla.Stat.
The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
11.4 SEXUAL BATTERY — PERSON 12 YEARS OF AGE OR OLDER
§ 794.011(5), Fla.Stat.
To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) was 12 years of age or older.

Give 2a or 2b as applicable

2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. The act was committed without the consent of (victim).

Definitions Give in all cases

“Consent” means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged
victim to offer physical resistance to the
offender.

Give if applicable

Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
Give if applicable “Union” means contact.
However, any act done for bona fide medical purposes is not a sexual battery.

In the event that-multiple perpetrators is-charged and proven, give instruction-on enhancement, § 791*023, FlaStat.

■The option of the-word “[vMhr]-(victim)” in-2a is provided -to-reflect the manner in wtdeh^-the — crime was committed. — See *1291 Coleman v. State-, k8k So.Sd 62Jp (Fla* — 1st DC A 1986), at pages 687, 688.-
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 1981 and was amended in 1987, and 1995 and 2003.
In the event that multiple perpetrators is charged and proven, give instruction on enhancement, § 794.023, Fla.Stat.
The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
Proposal 5. A new instruction for battery on an employee of a correctional facility
8.20 BATTERY ON FACILITY EMPLOYEE
§ 784.078, Fla.Stat.
To prove the crime of Battery on a Facility Employee, the State must prove the following five elements beyond a reasonable doubt:
L (Defendant) was detained in a facility.
2. (Defendant) intentionally touched or struck or attempted to touch or strike (victim) against [his][her]
will by throwing, tossing, or expelling blood, saliva, masticated food, seminal fluid, urine, or feces at (victim).
3. (Defendant) intended to harass, annoy, threaten, or alarm (victim).
4. (Victim) was a facility employee.
5. (Defendant) knew (victim) or had reason to know that (victim) was a facility employee.
A “facility” is any state correctional institution, private correctional facility, county, municipal, or regional jail or other detention facility of local government, or any secure facility operated and maintained by the Department of Corrections or the Department of Juvenile Justice.
An “employee” is any person [employed by or performing contractual services for a public or private entity operating a facility] [or] [employed by or performing contractual services for the corporation operating the prison enhancement programs or the correctional work programs] [or] [who is a parole examiner with the Florida Parole Commission].
*1292 Lesser Included Offenses
BATTERY ON FACILITY EMPLOYEE — 784.078 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO. None Battery 784.031(l)(a) 8.3 Assault 784.011 8.1
Comment
This instruction was adopted in 2003.
Proposal 6. A revised instruction on submitting the case to the jury.
3.13 SUBMITTING CASE TO JURY
In just a few moments you will be taken to the jury room by the bailiff. The first thing you should do is elect a foreman, foreperson The foreman who will presides over your deliberations, like a chairman chairperson of a meeting. It is the foreman’s foreperson’s job to sign and date the verdict form when all of you have agreed on a verdict in this case, and to The-foreman will bring the verdict back to the courtroom when you return. Either-a-man or a woman may be foreman of a jury.
Your verdict finding the defendant either guilty or not guilty must be unanimous. The verdict must be the verdict of each juror, as well as of the jury as a whole.
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
Comment
This instruction was adopted in 1981 and was amended in 2000 and 2003.